**MEI FEI DONG, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,\* Respondent.**

**No. 07–5174–ag.**

United States Court of Appeals, Second Circuit.

Nov. 5, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former

Attorney General Michael B. Mukasey as the respondent in this case.

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, Thankful T. Vanderstar, Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, and JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Mei Fei Dong, a native and citizen of the People's Republic of China, seeks review of an October 25, 2007 order of the BIA denying her motion to reopen. *In re Mei Fei Dong,* No. A073 489 083 (B.I.A. Oct. 25, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Dong's untimely and number-barred motion to reopen.

Dong argues that the BIA abused its discretion when it concluded that she failed to demonstrate either changed country conditions sufficient to excuse the untimeliness of her motion to reopen or her *prima facie* eligibility for relief without providing a particularized analysis of her evidence. However, her argument fails, as we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. B.I.A.,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Contrary to Dong's argument, the BIA provided sufficient reasoning for discounting the evidence she submitted. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency). Indeed, the BIA explicitly considered her affidavit and reasonably found it insufficient to support her claim because it lacked detail and was uncorroborated by independent evidence. *See id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending mo-

tion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).